IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,               )<br>            Plaintiff-Respondent,   )<br>                                     )<br>vs.                                        )<br>                                     )<br>Ismael Mayorquin-Delgado,              )<br>             Defendant-Movant.     )<br>_____) | CR 04-0589-PHX-SRB<br>CV 05-588-PHX-SRB (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Movant Ismael Mayorquin-Delgado's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 28). The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the Motion.

The right to petition for relief under 28 U.S.C. § 2255 is statutory. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); Abarca, 985 F.2d at 1014. The only claims that cannot be waived are a claim that the waiver itself was involuntary or a claim that ineffective assistance of counsel rendered the waiver involuntary. See Pruitt, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (summarizing Pruitt and Abarca, but

1  declining to decide whether waiver of all statutory rights included claims implicating the
2  voluntariness of the waiver).

3        The Court has reviewed the file and the plea agreement and finds that Movant was
4  sentenced according to the plea agreement and that he knowingly and voluntarily waived his
5  right to appeal and to collaterally attack this matter.  Movant has not presented any argument
6  in his petition that his waiver was made involuntarily or that he received ineffective
7  assistance of counsel which rendered his waiver involuntary.  Movant's sole claim in his
8  petition is that he meets the requirements of a natural-born citizen and that his illegal entry
9  conviction is therefore invalid.  Consequently, the Magistrate recommends that the District
10 Court dismiss the Motion accordingly.

11       Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections
12 within 10 days of being served with a copy of this Report and Recommendation.  If
13 objections are not timely filed, they may be deemed waived.

14       The Clerk of the Court is directed to mail a copy of this Report and Recommendation
15 to the attorneys for the Respondent and the Movant.

16       If objections are filed, the parties should use the following case numbers: CR 04-
17 0589-PHX-SRB and CV 05-588-PHX-SRB.

18       DATED this 9th day of March, 2006.

Jennifer C. Guerin
United States Magistrate Judge